DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| FRANK EDWARD PANGELINAN, | CIVIL CASE NO. 12-00006 |
| Petitioner, | |
| vs. | **ORDER** |
| JOSE A. SAN AGUSTIN, Director of Guam Department of Corrections, | |
| Respondent. | |

Before the court are a Motion to Dismiss ("Motion") filed by Respondent and a request for assistance of counsel filed by Frank Edward Pangelinan ("Petitioner"). *See* ECF Nos. 6 and 25. After reviewing the parties' briefs, and relevant cases and statutes, the court hereby **GRANTS** the Motion to Dismiss and **DENIES** Petitioner's request.

**A. Background**

According to the Petition for Writ of Habeas Corpus ("Petition"), Petitioner was convicted on December 30, 1998 of two counts of aggravated murder and other related charges in the Superior Court of Guam. *See* Pet. ¶¶ 2(a), 5, ECF No. 1. On February 2, 1999, Petitioner was sentenced to a term of life imprisonment without parole plus additional time. *Id*. at ¶¶ 2(b), 3. On January 28, 2000, the Supreme Court of Guam affirmed the conviction. *Id*. at ¶ 9.

On March 13, 2001, Petitioner filed a habeas petition in the Superior Court of Guam, raising the following claims: (1) withholding of discoverable *Brady* material; (2) withholding of

1

1  witness impeachment evidence; (3) improper *Anders* no-merit brief requirement; (4) ineffective

2  assistance of appellate counsel; (5) denial of a fair trial due to lack of an appellate panel; and (6)

3  denial of due process of law. *See* Pet. ¶ 11. The habeas petition was summarily denied on May

4  20, 2003. Thereafter, Petitioner did not appeal the denial or petition the Supreme Court of Guam

5  for writ of habeas corpus. *Id.*

6        On May 1, 2012, Petitioner filed the instant Petition before this court. *See* ECF No. 1.

7  Therein, he raised the following grounds: (1) ineffective assistance of lead defense counsel

8  during trial; (2) appearance of impropriety when co-counsel represented Petitioner on appeal;

9  and (3) ineffective assistance of lead defense counsel in failing to raise an affirmative defense.

10  *See* Pet. ¶ 12.

11  **B.  Appointment of Counsel**

12        Petitioner requests the court for assistance in this matter as he is "physically and

13  financially incapable of finding [his] own counsel." *See* Pet'r's Req., ECF No. 25. In the court's

14  order dated September 25, 2013 (ECF No. 20), the court denied Petitioner's previous request for

15  appointment of counsel because at this point in the proceeding, Petitioner only has to respond to

16  Respondent's arguments that the Petition should be dismissed due to failure to exhaust

17  administrative remedies and untimeliness, which are not complex legal issues. In the same order,

18  the court gave Petitioner guidance as to what he should include in his response to the Motion to

19  Dismiss. *See* Order at 2 n.1, ECF No. 20. As nothing has occurred which would alter the court's

20  previous analysis with respect to this issue, the court **DENIES** Petitioner's request.

21  **C.  Motion to Dismiss**

22        Respondent moves the court to dismiss the Petition for failure to exhaust administrative

23  remedies and untimeliness. *See* Mot., ECF No. 6.

24

## 1. Exhaustion of State Remedies

28 U.S.C. § 2254 provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state" and "is determined on a claim-by-claim basis." *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *Insyxiengmay v. Morgan*, 403 F.3d 657, 667 (9th Cir. 2005). "In order to fairly present a claim, the petitioner must clearly state the federal basis and federal nature of the claim, along with relevant facts." *Cooper*, 641 F.3d at 327 (citing *Anderson v. Harless*, 459 U.S. 4, 6–7 (1982); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999)).

Here, Petitioner has not exhausted the available state remedies because he failed to present his habeas claims to the Supreme Court of Guam. Petitioner explains that these claims were not presented because "appellate counsel stated that there is no appealable issue." Pet. ¶ 13. "An exception is made to the exhaustion requirement only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Dickens v. Ryan*, 6388 F.3d 1054, 1073 (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). There is no indication that appealing the Superior Court of Guam's denial of the habeas petition or petitioning the Supreme Court of Guam for writ of habeas corpus was unavailable or that the corrective process is in any way deficient. Accordingly, Petitioner has failed to exhaust the available state remedies, and the Motion to Dismiss is **GRANTED** on this ground.

3

## 2. Statute of Limitations

There is a one-year statute of limitations for an applicant to file a federal petition for writ of habeas corpus.[1] However, the limitations period is subject to statutory tolling while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, the instant Petition was filed on May 1, 2012. The date on which Petitioner's conviction became final by conclusion of direct review was January 28, 2000, when the Supreme Court of Guam affirmed the conviction and sentence. Petitioner pursued post-conviction review in the Superior Court of Guam, which denied relief on May 20, 2003. As Petitioner did not seek an appeal, the state post-conviction review process concluded when the period in which Petitioner could file a notice of appeal expired on May 30, 2003.[2] Thus, statutory tolling ended on that date.

The limitations period is also subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). A petitioner is entitled to equitable tolling only if the petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As discussed above, Petitioner has been given the

---

[1] 28 U.S.C. § 2244(d)(1) provides:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
[2] 8 GUAM CODE ANN. § 130.40 provides that "notice of appeal by a defendant shall be filed in the superior court within 10 days after the entry of the judgment or order appealed from."

4

opportunity to explain why he filed the Petition outside the limitations period and the court

specifically indicated that he may wish to explain any actions demonstrating that he has been

diligently pursuing his rights and any extraordinary circumstances beyond his control which

made it impossible to timely file. *See* Order at 2 n.1, ECF No. 20. As Petitioner has failed to

demonstrate diligence in pursuing his rights or any extraordinary circumstances, equitable tolling

is not applicable.

Statutory tolling ended on May 30, 2003, and Petitioner has not demonstrated that he is

entitled to equitable tolling. The instant Petition was filed nearly nine years after the statute of

limitations began to run. Accordingly, the court finds that the Petition is untimely and the Motion

to Dismiss is **GRANTED** on this ground.

**D.  Conclusion**

Based upon the foregoing, the court **DENIES** Petitioner's request for appointment of

counsel and **GRANTS** Respondent's Motion to Dismiss.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Jan 03, 2014**

5